**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NPV REALTY, LLC d/b/a PARK PLACE
APARTMENTS f/k/a NPV REALTY
CORPORATION, d/b/a PARK PLACE
APARTMENTS,**

    **Plaintiff,**

v.                                                        Case No.  8:17-cv-636-T-30AEP

**PAUL STEVE NASH and SENECA
INSURANCE COMPANY, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 13) and Defendant Seneca Insurance Company's Response in Opposition (Dkt. 15). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted because the removal was untimely and Seneca failed to prove the bad faith exception to the one year removal deadline.

## BACKGROUND

On or about July 2, 2015, Plaintiff commenced this action against Defendant Paul Steve Nash in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. The initial complaint alleged that Nash, Plaintiff's insurance agent, breached his duties to Plaintiff in procuring certain insurance policies. Notably, at the time

of the filing of the initial complaint, Plaintiff's principal place of business was located in Tampa, Florida, and Nash was a Florida citizen.

On or about October 13, 2016, more than one year after the filing of the initial complaint, Plaintiff amended its complaint in state court, which, among other things, amended some of the claims against Nash and added Defendant Seneca Insurance Company, Inc. Seneca was served with the amended complaint on or about November 17, 2016. Seneca's principal place of business is located in New York.

During the commencement of this action, NPV Realty LLC was substituted as the appropriate Plaintiff. NPV Realty LLC is a limited liability company, consisting of a single managing member, Ronald A. Porter. Porter principally resides in Florida and occasionally resides in Massachusetts, Maine, and North Carolina.

On or about March 6, 2017, NPV Realty LLC served responses to Seneca's First Set of Interrogatories, which established NPV's citizenship and the amount in controversy, which exceeded $75,000. On March 16, 2017, within thirty days of receiving NPV's interrogatory responses, Seneca removed the case to this Court on diversity grounds.

On March 21, 2017, the Court, *sua sponte*, entered an Order to Show Cause instructing Seneca to show cause why the case should not be remanded as being untimely because the removal occurred more than one year after the complaint was filed in the state court action. The Court also noted, in relevant part, that complete diversity did not exist as long as Nash remained a party to the action. (Dkt. 7).

On April 3, 2017, Seneca filed its response to the Court's Order to Show Cause. (Dkt. 8). Plaintiff then filed a motion to remand. The issue presented here is whether Plaintiff acted in bad faith by joining Seneca to the lawsuit, more than one year after the filing of the initial complaint against Nash. Seneca contends that Nash was made the original party only to "spoil" Seneca's right to remove the action to federal court. If true, this would constitute bad faith joinder of a party.

The Court has carefully considered the parties' arguments and the relevant case law. Although the Eleventh Circuit has not directly addressed the definition of "bad faith" in this context, the Court concludes, as explained further below, that Seneca has not met its burden. The Court's conclusion is also influenced by the standard of review, which instructs district courts to resolve all doubts about federal jurisdiction in favor of remand and to strictly construe the removal statute, including its time limits for removal.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The district court is required to "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal punctuation marks omitted) (quoting *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)).

Plaintiff seeks remand on the basis that Seneca's removal violates 28 U.S.C. § 1446(c)(1), which provides that a case based on diversity jurisdiction cannot be removed more than one year after the commencement of the action. It is undisputed that the removal, on its face, violates this provision. Seneca attempts to invoke an exception to that general rule, made part of the statute in approximately 2011, which permits a case to remain in federal court if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Therefore, the burden falls on Seneca to substantiate its allegation that Plaintiff acted in bad faith and, ultimately, to establish that removal was proper.

The Eleventh Circuit has not yet defined "bad faith" in this context. In the absence of guidance from the Eleventh Circuit, many courts have adopted the well-reasoned two-stage analysis formulated by a district court in the U.S. District Court for the District of New Mexico in *Aguayo v. AMCO Insurance Company*, 59 F. Supp. 3d 1225 (D.N.M. 2014). In Aguayo, the district court analyzed the bad-faith exception as follows:

> [T]he Court construes the bad-faith exception as a two-step standard. First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—e.g., electronic mail transmissions in which the plaintiff states that he or she is only

> keeping the removal spoiler joined to defeat removal—but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.

*Id.* at 1262-63.

The Court finds this framework persuasive, while recognizing that it is not controlling and does not bind the Court. Under the *Aguayo* framework, Seneca has failed to establish that Plaintiff acted in bad faith to prevent Seneca from removing this action to federal court. First, Seneca has not established that Plaintiff did not actively litigate its claims against Nash. *See id.* at 1262 (plaintiff who actively litigates against removal-spoiling defendant is entitled to presumption of good faith). Plaintiff served interrogatories, a request for production of documents, and a notice of taking a deposition. Nash also served responses to Plaintiff's interrogatories. And Plaintiff's counsel has represented to the Court that he has "followed through with continued activity with regard to Nash, including the production of a significant amount of documents." (Dkt. 13).

Significantly, Plaintiff is still litigating this action against Nash, which distinguishes this case from cases in which the plaintiff dismisses the removal-spoiling defendant after the one year removal deadline has passed. *See Heacock v. Rolling Frito-Lay sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016) ("[W]hile bad faith has been found where a plaintiff dismissed a defendant without conducting any discovery, even 'bare minimum' discovery attempts have been considered to not amount to bad faith.") (citations omitted); *see also Heller v. Am. States. Ins. Co.*, No. CV 15-9771 DMG, 2016 WL 1170891, at *2-*3 (C.D. Cal. Mar. 25, 2016) (plaintiff did not actively litigate claims against removal-spoiling defendant where she did not serve the defendant with a summons for more

than one year); *Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-923-O, 2014 WL 1158880, at *4-*6 (N.D. Tex. Mar. 20, 2014) (plaintiff did not actively litigate claims against removal-spoiling defendant where she failed to serve discovery request or notice his deposition, failed to seek default judgment when he failed to timely answer complaint, and dismissed the defendant shortly after expiration of the one year bar on removal to federal court).

In addition, Seneca has not adduced any direct evidence that Plaintiff acted solely for the purpose of preventing Seneca from removing this case to federal court. *Aguayo*, 59 F. Supp. 3d at 1274-75. Plaintiff argues that it could not add Seneca as a party to this action prior to the one year removal deadline because, although Plaintiff provided Seneca notice of the insurance claim on September 4, 2015, Seneca did not deny the claim until November 3, 2016. In other words, there is simply no evidence that Plaintiff hatched a scheme to await the passage of one year before it amended its complaint to assert a claim against Seneca. Also, although there is no evidence of this, it is important to emphasize that "[t]here is nothing wrong with plaintiffs having a preference for state court, nor is there anything inherently invidious or 'bad faith' about using deliberate tactics to defeat federal jurisdiction." *Aguayo*, 59 F. Supp. 3d at 1273; *see also Brazell v. Gen. Motors, LLC*, No. 6:14-4588-TMC, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (It "is not inherently bad faith to use strategy to defeat federal jurisdiction.").

The Court concludes that Seneca did not establish by clear evidence that Plaintiff's actions are tantamount to bad faith. Without the benefit of that exception to Section

1446(c)(1)'s one year time limit, Seneca's removal was untimely. Accordingly, the motion to remand must be granted.[1]

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand (Dkt. 13) is granted.

2. The Clerk of Court is directed to remand this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

3. The Clerk of Court is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] Notably, even if Seneca's removal had been timely, to remain in federal court, Seneca would still need to persuade this Court to disregard Defendant Nash's citizenship to maintain party diversity under 28 U.S.C. § 1332(a). Although this Court's ruling renders a conclusion on this issue unnecessary, it does not appear that Seneca successfully argued fraudulent misjoinder because Nash was also the broker that procured the Seneca insurance policies.